## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) STEPHEN PARMENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-431-TCK-JFJ |
| | ) | |
| (1) CITY OF NOWATA, OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR SUMMARY
## JUDGMENT AND BRIEF IN SUPPORT

Respectfully submitted,

Thomas A. LeBlanc, OBA #14768
tleblanc@bestsharp.com
Jessica L. Foutch, OBA #31851
jfoutch@bestsharp.com
**BEST & SHARP**
Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
*Attorney for Defendant,*
*City of Nowata*

May 18, 2020

{00569890}

## TABLE OF EXHIBITS

Exhibit 1 – Reprimand 8-31-17

Exhibit 2 – Deposition Excerpts of Stephen Parmenter

Exhibit 3 – Fire Chief Job Description Annotated

Exhibit 4 – Carrick Memo dated 3-5-19

Exhibit 5 – Carrick Memo dated 3-7-19

Exhibit 6 – Chief McElhaney Statement

Exhibit 7 – Carrick Memo dated 3-11-19

Exhibit 8 – Termination Letter to Plaintiff 4-8-19

Exhibit 9 – City Charter, Section 26

Exhibit 10 – Nowata's Municipal Code Section 2-302

Exhibit 11 – Personnel Manual §§1-1, 1-3, 2-5, 9-1, 9-2

{00569890}

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) STEPHEN PARMENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-431-TCK-JFJ |
| | ) | |
| (1) CITY OF NOWATA, OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT**

COMES NOW Defendant City of Nowata, and pursuant to Fed. R. Civ. P. 56, and LCvR

56.1, moves this Court for summary judgment.  In support of its motion, Defendant hereby files

this Motion for Summary Judgment, and Brief in Support.

**I.      INTRODUCTION**

This lawsuit involves the employment termination of Nowata Fire Chief, Stephen Parmenter

(hereinafter "Plaintiff" or "Parmenter"). As a Department Head and employee of the City,

Parmenter could be fired by the City Manager at any time with or without cause.  On August 31,

2017 Plaintiff was formally reprimanded for a number of severe substantiated infractions

(discussed in UDF No. 4). The morale of the Fire Department was severely suffering.  Plaintiff

was also told he must work one regular fire shift per week. Months later, in March 2018, with

problems continuing, Plaintiff was provided the opportunity to look through and provide feedback

on his job description in an effort by City officials to salvage Plaintiff's employment and address

the ongoing infractions. Then, in May 2018, Plaintiff met with City Manager, Melanie Carrick

("Carrick"), City Attorney John Heskett ("Heskett") for <u>hours</u> to discuss Plaintiff's employment

and adjustments to certain duties and responsibilities. Yet still, in March 2019, these ongoing

infractions continued to occur. On April 8, 2019, Carrick terminated Parmenter for these ongoing infractions and for the good of the City of Nowata Fire Department.  Despite numerous warnings and discussions as to the concerns with Plaintiff's employment performance for over a year and a half, Plaintiff feigns surprise at his termination and claims that he was terminated without due process to which he was entitled.  Plaintiff's claim is without merit, and Defendant is entitled to summary judgment.

## II.    STATEMENT OF UNCONTROVERTED FACTS

1.      Plaintiff was the Fire Chief for the City of Nowata. (Plaintiff's Complaint, Dkt. #2).

2.      The City of Nowata's City Charter includes the following provision:  "The powers and duties of the City Manager shall be:…to appoint and remove all Heads of Departments, and all subordinate officers and employees of the City."  (Exhibit 9, City Charter Section Twenty-Six; Exhibit 10, City Code Section 2-302.)

3.      The City of Nowata's Personnel Manual clearly states that all City employees are "at will" and can be fired with or without cause and without notice.  (Exhibit 11, Personnel Manual, §§1-1, 1-3, 2-5, 9-1, 9-2).

4.      On August 31, 2017, Plaintiff received a formal, documented, reprimand. (Exhibit 1, August 31, 2017 Employee Warning Notice.) At that time, Plaintiff was also removed from the EMS Director role. (Exhibit 1; Exhibit 2, Deposition of Stephen Parmenter at 90-91.) The twelve infractions Plaintiff was counseled on are as follows:

Altering of employee timesheets, falsification of own time sheet, interfered with the City's relationship with Harmon Foundation, providing false information to a supervisor, hindering the accounting process by holding checks that need to be deposited and not turning them in for deposit in a timely manner, allowing multiple employees to take comp time that they had not accrued, issuance of comp time not in accordance with the City

personnel manual, fostering and allowing to continue an environment of low morale in the department, creating feelings of fear of retribution or retaliation in employees in the department creating a harassing, hostile and threatening work environment for employees, non-compliance with hiring policy, holding volunteer pay until dues are paid, scheduling part-time workers more than part time hours.

*See* Exhibit 1.

5.     On that date, Plaintiff was also advised he was to work at least one regular shift per week as a firefighter. (Exhibit 1; Exhibit 2, Deposition of Stephen Parmenter at 87-88.)

6.     On August 31, 2017, Plaintiff was aware that any further infractions could result in disciplinary action against him, including termination. (Exhibit 1; Exhibit 2, Deposition of Stephen Parmenter at 94.)

7.     Carrick continued to address with Plaintiff the items contained in the reprimand "throughout a year or a year and a half" prior to his termination. (Exhibit 2, Deposition of Stephen Parmenter at 95-96.)

8.     Beginning in March 2018, Carrick and Parmenter had at least two discussions related to Plaintiff's job and even discussed changes to the Job Description to accommodate Plaintiff. (Exhibit 2, Deposition of Stephen Parmenter at 97-101; Exhibit 3, Fire Chief Job Description Annotated.)

9.     Then, in May 2018 a meeting related to the fire chief job description and Plaintiff's duties, which lasted an hour and a half or longer, between Plaintiff, Carrick and Heskett occurred. (Exhibit 2, Deposition of Stephen Parmenter at 105-106;  Exhibit 3, Fire Chief Job Description Annotated.)

10.     At no time from August 2017 to the date of Plaintiff's termination did Plaintiff fulfill his duty to work a single fire shift. (Exhibit 2, Deposition of Stephen Parmenter at 87-88 and 116.)

11.     In March 2019, the same issues that had been occurring with Plaintiff the two years prior arose yet again. (Exhibit 4, March 5, 2019 Carrick Memo; Exhibit 5, March 7, 2019, Carrick Memo; Exhibit 6, Chief McElhaney Statement; Exhibit 7, March 11, 2019, Carrick Memo.)

12.     On April 8, 2019, Plaintiff was terminated by Carrick.[1] (Exhibit 8, Termination Letter to Plaintiff April 8, 2019.)

## III.   ARGUMENTS AND AUTHORITIES

### A.     Standards for Summary Judgment

Summary judgment is appropriate if the pleadings, affidavits, depositions, and evidence on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  A material fact is essential to the proper disposition of a claim under controlling law and an issue is genuine if the evidence is such that a rational trier of fact could resolve the issue either way. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  All facts and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.  The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, then all other factual issues concerning the claim become

---

[1] Carrick is the City Manager. Defendant City of Nowata has adopted a municipal charter as provided by 11 O.S. § 13-101. Pursuant to Nowata City Charter, Article III, § 26 the City Manager has the authority to "appoint and remove all Heads of Departments, and all subordinate officers and employees of the City."

immaterial.  *Id.* at 322.  If the movant carries its burden, the non-movant must then "set forth specific [admissible] facts," outside of the pleadings, that show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 248.  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." *Matsushita Elec. v. Zenith Radio Corp.*, 475 U.S. 574, 586– 87 (1986).

A mere "scintilla" of evidence will not avoid summary judgment.  *See Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).  "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249.  Plaintiff's mere belief, conjecture, and conclusory allegations are not sufficient to withstand summary judgment.  *See Rice v. United States,* 166 F.3d, 1088, 1092 (10th Cir. 1999) *cert. den*. 528 U.S. 933 (1999).  Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts . . . [W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Scott v. Harris*, 550 U.S. 372, 380 (2007), citing *Matsushita Elec.*, 475 U.S. at 586-587.  "When opposing parties tell two different stories, one of which is *blatantly contradicted by the record*, so that no reasonable jury could believe it, a court *should not adopt that version of the facts* for purposes of ruling on a motion for summary judgment."  *Id.* (emphasis added).

**B.      PLAINTIFF'S § 1983 CLAIM AGAINST THE CITY OF NOWATA FAILS AS A MATTER OF LAW**

Plaintiff's procedural due process claim is without merit. The Fourteenth Amendment prohibits any state from "depriv[ing] any person of life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV, § 1. "Procedural due process ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision."

*Archuleta v. Colorado Department of Insts., Div of Youth Servs.*, 936 F.2d 483, 490 (10th Cir. 1993).  "To determine whether a plaintiff was denied procedural due process, [Courts] engage in a two-step inquiry: (1) did the individual possess a protected property interest to which due process protection was applicable? (2) was the individual afforded an appropriate level of process?" *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998).  "Whether an employee has a protected property interest in his position is purely a question of law to be determined by the court." *Whatley v. City of Bartlesville, 932 F.Supp. 1300, 1302 (N.D. Okla. 1996).*

### 1.   Plaintiff did not have a protected property interest in his employment.

Although the Constitution provides for the <u>protection</u> of property interests, the Supreme Court has noted that property interests are <u>not created</u> by the Constitution.  *See Board of Regents v. Roth*, 408 U.S. 564, 577 (1982) (emphasis added).  Rather, they are created, and their dimensions defined, by existing rules or understandings that stem from an independent source such as state law.  *Id.* at p. 577.  The existence of a property interest is determined by whether the terms of employment, created by contract, statute, city charter, or employee manual, create a sufficient expectancy of continued employment.  *See Vinyard v. King*, 728 F.2d 428, 432 (10th Cir. 1984).  Such property interest must be a <u>legitimate entitlement</u> and <u>not a mere unilateral expectation</u>.  *See Board of Regents*, 408 U.S. at 577 (emphasis added).

Plaintiff contends that he possessed a property interest in his position as Fire Chief pursuant to state statute 11 O.S. § 29-104, which provides that as a Fire Chief he could only be fired for cause.  (Dkt. # 2, para. 4-5).  That statute provides: "The chief and members of all paid municipal fire departments shall hold their respective positions unless removed for a good and sufficient cause as provided by applicable law or ordinance."  However, in this case the statute relied upon

by Plaintiff does not apply, because Nowata's City Charter governs Plaintiff's employment relationship with the City.  11 O.S. §13-109 provides:

> Whenever a charter is in conflict with any law relating to municipalities in force at the time of the adoption and approval of the charter, the provisions of the charter shall prevail and shall operate as a repeal or suspension of the state law or laws to the extent of any conflict.

In other words, a city charter is controlling over a conflicting state law when the matter is one of municipal concern. Generally, employment issues have been held to be matters of purely municipal concern, thus a city charter providing an at-will employment relationship is controlling.  "The law is clear that the control of a freeholder charter city over the personnel of its fire department is solely a matter of municipal concern, and hence not subject to legislative control." *City of Wewoka v. Rodman,* 172 Okla. 630, 46 P.2d 334, 335 (1935) (internal citations omitted).   The holding in *City of Wewoka* was affirmed and followed in *Jones v. Bayless*, 208 Okla. 270, 255. P2d 506, 511-512 (1952), where the Court held that in matters of municipal employment "the matter before us controlled by the City Charter in question, not by general laws or by the specific enactments of other municipalities, governmental units or jurisdictions."

Plaintiff may argue that *In re City of Durant v. Cicio*, 50 P.3d 218 (Okla. 2002) is controlling. In *Cicio,* the Oklahoma Supreme Court was analyzing Oklahoma's statutory police pension system and stated in dicta that police and fire protection are not matters of purely municipal concern and are a matter of statewide interest. *Id.* at 222. However, this is unpersuasive. In the *Cicio* case, the Court undertook an interpretation and application of the Oklahoma Police Pension and Retirement System – a different set of laws than at issue in this case. *Id.* at 219-220. Most importantly, Durant was not a chartered city and conceded such.  *Id.* at 222. In *Cicio,* the City of Durant was not a home-rule city, but organized and run by state statutes. *Id.* at 220. In *Edwards v. City of Sallisaw*, 2014 OK 86, n. 9, the Oklahoma Supreme Court distinguished *Cicio*

for home-rule cities (i.e., charter cities) stating *Cicio* is distinguishable in the context of police protection in home-rule cities.   The Oklahoma Supreme Court previously held in *Moore v. Oklahoma City,* 254 P. 47 (Okla. 1927) that the power, solely vested in the city manager, to hire and fire the police chief and other officers did not infringe on matters which were state concerns, rather than purely local matters. *See also Edwards*, 2014 OK 86, \*4.

In this case, Nowata is a home rule city and has an adopted City Charter. Nowata's City Charter, Section Twenty-Six, grants the City Manager the unrestricted authority "to appoint and remove all Heads of Departments, and all subordinate officers and employees of the City."  (Ex. 9)  The statute relied upon by Plaintiff would restrict the authority of the City Manager by allowing terminations only "for cause", and as such it is in conflict with Nowata's Charter.  In accordance with 11 O.S. §13-109, Nowata's Charter operates to repeal or suspend 11 O.S. § 29-104, and the City Manager can fire employees, including the Fire Chief, without restriction, thus creating an at-will employment relationship where no good cause is needed to terminate the employment.  See also Nowata's Municipal Code (Exhibit 10) and Personnel Manual (Exhibit 11) which clearly confirm that all City employees are "at-will".  And as such, Plaintiff possessed no protected property interest in his employment with the City of Nowata.

### 2.   Plaintiff received adequate due process

Even though Plaintiff had no protected property interest in his job and was therefore not entitled to due process, he did in fact receive adequate due process.  "An essential principle of due process is that a deprivation of life, liberty or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (internal quotation omitted). "This principle requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his

{00569890}                                                   8

employment." *Id.* (citations omitted). A constitutionally adequate "pretermination hearing requires: (1) 'oral or written notice [to the employee] of the charges against him;' (2) 'an explanation of the employer's evidence and [3] an opportunity [for the employee] to present his side of the story.'" *Qualls v. City of Piedmont*, No. CIV-14-126-D, 2016 WL 6078356, at *4 (W.D. Okla. Oct. 17, 2016)* quoting *Montgomery v. City of Ardmore*, 365 F.3d 926, 935 (10th Cir. 2004); quoting *Loudermill*, 470 U.S. at 546; *see also Riggins v. Goodman*, 572 F.3d 1101 (10th Cir. 2009). The court of appeals has explained:

> We have upheld as sufficient to meet these requirements informal proceedings, such as pretermination warnings and an opportunity for a face-to-face meeting with supervisors, *see Seibert v. University of Oklahoma Health Sciences Center*, 867 F.2d 591, 598 (10th Cir. 1989), and even a limited conversation between an employee and his supervisor immediately prior to the employee's termination, *see Powell v. Mikulecky*, 891 F.2d 1454, 1459 (10th Cir. 1989). The objective of the process is "an initial check against mistaken decisions – essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *West [v. Grand Cty.]*, 967 F.2d [362,] at 367 [ (10th Cir. 1992) ] (citation omitted).

*Riggins*, 572 F.3d at 1108 (footnote omitted). "Due process requires notice and opportunity to be heard in a meaningful time and manner," and "is flexible and calls for such procedural protections as the particular situation demands." *Qualls*, 2016 WL 6078356, at *6 citing *Sutherland v. Tooele City Corp.*, 91 Fed. Appx. 632 (10th Cir. 2004).

While Plaintiff feigns surprise by his termination, Plaintiff was put on notice of his many infractions while Fire Chief for the City of Nowata. As shown by the undisputed facts ("UDFs") Plaintiff was provided with notice of the charges against him. The many charges were discussed with Plaintiff, admittedly numerous times, through the last year and a half of his employment. These pre-termination procedures included a formal, detailed reprimand in August 2017. Furthermore, Plaintiff was provided the opportunity to revise the fire chief job description to fit Plaintiff's needs in March – May 2018. Yet again, in March 2019, the very issues plaguing the

{00569890}                                          9

Nowata Fire Department under Plaintiff's tenure continued to fester.  And, in his deposition Plaintiff testified that in the month prior to his termination he knew "things started going south when I walked into City Hall".  (Exhibit 2, at 158-159.)[2]  It is unequivocal that Plaintiff received numerous pre-termination procedural protections that provided him with notice as to the charges against him. Plaintiff was given nearly two years to correct the deficiencies that Plaintiff was undeniably on notice of.

Here, as in *Seibert v. University of Oklahoma Health Sciences Center*, 867 F.2d 591, 599 (10th Cir. 1989) the plaintiff "was not fired for reasons that he did not know,"  and he "was not fired without being given the 'opportunity to present his side of the story.' " Id. (quoting Loudermill, 470 U.S. at 542, 105 S.Ct. at 1493).  *See also*, *Williams v. Fed. Deposit Ins. Corp.,* 723 F. Supp. 612, 615 (W.D. Okla. 1989) (finding due process adequate where employee knew reasons for termination); and  *Aronson v. Gressly*, 961 F.2d 907, 909–10 (10th Cir. 1992) (due process was met where employee was warned that discipline including termination could result from continued conduct).  The pre-termination procedures provided to Plaintiff were more than sufficient due process.  Defendant is entitled to summary judgement.

## IV.   CONCLUSION

No disputed material facts remain in this case. Plaintiff did not have a protected property interest in his employment.  Moreover, Plaintiff was on notice of the continued infractions he was committing while Fire Chief, and he was provided ample opportunity to correct or defend his actions. Plaintiff was terminated after a number of pre-termination meetings and discussions as to his employment.  The process provided to Plaintiff was more than sufficient to meet constitutional

---

[2] Plaintiff testified he made 10- 20 recordings of conversations, but deleted them from his phone.  Id.

standards, if any due process was owed to Plaintiff. For those reasons Defendant is entitled to summary judgment.

WHEREFORE, premises considered, there being no dispute as to any material fact in this case, and Defendant being entitled to judgment as a matter of law as a result, Defendant respectfully requests this Court grant summary judgment in favor of Defendant, and award any other relief the Court may deem just and equitable.

Respectfully submitted,

**BEST & SHARP**

s/ Thomas A. LeBlanc
Thomas A. LeBlanc, OBA #14768
tleblanc@bestsharp.com
Jessica L. Foutch, OBA #31851
jfoutch@bestsharp.com
Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
*Attorney for Defendant,*
*City of Nowata*

## CERTIFICATE OF SERVICE

I hereby certify that on  18th day of May, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Frank W. Frasier, OBA #17864
frasier@tulsa.com
1700 Southwest Blvd.
Tulsa, OK  74107
Telephone: 918-584-4724
Facsimile: 918-583-5637
*Attorney for Plaintiff*

s/ Thomas A. LeBlanc

{00569890}                                        12