IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) STEPHEN PARMENTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 19-CV-431-TCK-JFJ ) |
| 1) CITY OF NOWATA, OKLAHOMA, | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff, Stephen Parmenter, by and through his attorney of record, Frank W Frasier and the law firm of Frasier, Frasier & Hickman, LLP, in response to the Defendant's Motion for Summary Judgment and Brief in Support [Dkt. No. 23] and would state as follows:

### I. INTRODUCTION

Plaintiff was the Fire Chief for the City of Nowata, Oklahoma. At no time prior to or after Plaintiff's termination did the Defendant provide good and sufficient cause as required by Section 29-104 of Title 11 of the Oklahoma Statutes. Therefore, Plaintiff's termination by the Defendant is a violation of Section 29-104 of Title 11 Oklahoma Statutes, as well as a violation of Plaintiff's Due Process Rights. Plaintiff filed in Federal court because the Defendant deprived him of rights arising from the termination of his employment without due process of the law, thus making this actionable under 42 U.S.C. § 1983. Otherwise, Plaintiff would have filed his case in the District Court in and for Nowata County, State of Oklahoma.

## II.  STATEMENT OF MATERIAL FACTS IN DISPUTE

1. Defendant terminated Plaintiff's employment without the protections afforded him by statute. There was no hearing by the Defendant's manager, council or other elected officials. Proof of this is found at Exhibit 8 to Defendant's Motion [Dkt. No. 23]. This disputes the Defendant's own "uncontroverted fact" 2, 3, 4 and 6.

2. Defendant never provided Mr. Parmenter any written notices or warnings and there is no evidence of the same because Mr. Parmenter's personnel file cannot be located. *Please see Exhibit "A" attached hereto and incorporated herein by reference, Deposition of City Manager Melanie Carrick, now Collins, June 23, 2020 at pp. 46, lines 10-17.* This disputes the "uncontroverted" facts numbered 4 and 7.

3. The City Manager for Defendant did not know what Title 11 O.S. § 29-104 was and how it relates to the employment of firefighters. *Please see Exhibit "A" at pp. 19-20, lines 18-1.* This places in controversy the Defendant's "uncontroverted" facts numbers 2, 3, 4, 6, 11 and 12.

4. The City Manager for the Defendant admits there was no post-termination due process as Plaintiff is entitled to pursuant to 11 O.S. § 29-104. *Please see Exhibit "A" at pp. 31-32, lines 23-17.* This places in controversy the Defendant's "uncontroverted" facts numbered 2, 3, 4, 6, 11 and 12.

5. The City Manager for the Defendant had long-running dispute and dislike due to unrelated issues when she was the city clerk for the Defendant. Plaintiff's termination by City Manager Carrick on behalf of the Defendant is a continuation of her ill will towards Plaintiff and manipulating her position to terminate his employment under a perceived color of authority. *Please see Exhibit "A" at pp. 52-53, lines 14-7.* This

contradicts the notion and "uncontroverted" facts numbered 2, 3, 4 and others that Defendant relies upon to move for summary adjudication when the reality is a petty attempt at payback.

6.  Even more incredible than relying upon records that no longer exist, the City Manager terminated Plaintiff based upon conversations of which she was not a party and overheard to terminate his employment. *Please see Exhibit "A" at p. 53, lines 15-23.* This completely controverts the notion that Defendant had some sort of pretextual reasons to terminate Plaintiff's employment found at Defendant's "uncontroverted" facts 4, 5, 6, 7, 8, 9, 10, 11, and 12.

7.  Not only did Defendant rely upon hearsay to terminate Plaintiff's employment, but Defendant relies upon hearsay statements to move this court for summary adjudication. Plaintiff objects to the admission of those statements. *Please see Exhibit "A" at pp. 59, 60-61, lines 25-19.* This testimony of Carrick further controverts the same facts that the Defendant submits are "uncontroverted".

8.  Defendant relied upon false information about poor morale, but offers nothing tangible to provide this court that is admissible. In fact, none of the employees provided written complaints per the rules and policies of the Defendant. *Please see Exhibit "A" at pp. 77-78, lines 19-25.* The truth is that the Plaintiff authorized and provided the city employees comp time which they benefitted from and appreciated. This disputes the "uncontroverted" facts numbered 4 and 12.

### III: ARGUMENTS AND AUTHORITY

**PROPOSITION I: Defendant has a Heavy Burden on Summary Judgment.**

The moving party on summary judgment has the burden of showing it is entitled to summary judgment beyond a reasonable doubt or it is denied. *Norton v. Liddel,* 620 F.2d 1375, 1391 (10th Cir. 1980); *Trainor v. Apollo Metal Specialities, Inc.,* 318 F.3d 976 (10th Cir. 2002).

Defendant shoulders the "initial burden to show there is an absence of evidence to support the non-moving party's case." *Clinger v. New Mexico Highlands University,* 215 F.3d 1162 (10th Cir. 2002), citing *Thomas v. IBM,* 48 F.3d 478, 484 (10th Cir. 1995). Defendant fails to meet this burden by showing any absence of evidence to support Plaintiff's case. Further, the attachments to Defendant's motion reveal there remain material facts in dispute. For example, there remains a dispute as to whether Plaintiff was afforded due process as allowed under the Fourteenth Amendment and State Statutes.

The Defendant relies upon distorted facts in its argumentative "introduction" that present in a light very favorable to its position in support of motion for summary judgment, contrary to *Tademy v. Union Pacific Corporation,* 520 F.3d 1149, 1158 (10th Cir. 2008) (condemning the trial court for taking facts in a light most favorable to the movant) and *Tolan v. Cotton,* 572 U.S. 650, 134 S.Ct. 1861, 188 L.Ed.2d 895 (2014), to the same effect.

It is questionable whether or not some of the information Defendant relies upon in this introduction is even admissible. Further, Defendant relies upon unsigned and unverified attachments to its motion which are hearsay. Most of the information contained in these items and relied upon by Defendant are taken out of context and not read completely. This is a classic case of a party grasping at straws. Further, relying

upon facts taken out of context, inadmissible evidence, and hearsay, not to mention the lack of an affidavit of a witness and deponents contradicting its own so-called "uncontroverted facts" call into question credibility of a witness and the lack of evidence to support Defendant's motion.

Defendants entire argument relies upon the assertions that are disputed and controverted by evidence. Under the well-established requirements for ruling on a motion for summary judgment, all disputed facts must be resolved in the favor of the non-moving party. "A disputed facts is material if it might affect the outcome of the suit under the governing law, and the dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997). "Once the movant sets forth its argument challenging the non-movant's claims, the non-movant is given wide birth to prove factual controversy exists." *Jeffries v. Kansas Department of Social and Rehabilitation Services,* 147 F.3d 1220, 1228 (10th Cir. 1998). A reasonable juror could find the actions of the actions of the Defendant violated the Plaintiff's due process rights in taking his employment and in violation of state law with respect to Title 11 O.S. § 29-104. Combined with the testimony of Plaintiff and the inconsistencies of witnesses relied upon by Defendant, it is very likely Plaintiff will receive a favorable verdict in this case.

The court must examine the factual record and make reasonable inferences therefrom "in a light most favorable to the party opposing summary judgment." *Sequoyah County Rule Water District No. 7 v. Town of Muldrow,* 191 F.3d 1192, 1196 (10th Cir. 1999). The moving party's evidence must be so powerful that no reasonable jury could be free to disbelieve it. *Leone v. Owsley,* 810 F.3d 1149, 1154 (10th Cir. 2015).

Here, the facts relied upon by the movant are controverted by the actual evidence, the motion must be denied. The court should remember that it should be granted only if it is shown "beyond a reasonable doubt" that a Plaintiff cannot prevail. *Trainor v. Apollo Metal Specialities, Inc., supra*. Inferences from the facts should be taken in a light most favorable to the opponent of summary judgment, Plaintiff herein. *Tolan v. Cotton, supra* (also noting that district courts are setting this as the correct standard of review, but not following it in fact). Based on the facts in dispute, as enumerated above, viewed in a light favorable to Plaintiff, require that summary judgment be denied as it is violates the law and would be error.

**PROPOSITION II: PLAINTIFF'S § 1983 CLAIM AGAINST THE CITY OF NOWATA DOES NOT FAIL AS A MATTER OF LAW: Plaintiff Had a Protected Property Interest in His Employment and Plaintiff Did Not Receive Adequate Due Process as Required by Law.**

In Plaintiff's case, his termination occurred without the protections created by Section 29-104 of Title 11 of the Oklahoma Statutes, which became effective on July 1, 1978, and which states,

> "the chief and members of all paid municipal fire departments shall hold their respective positions unless removed for a good and sufficient cause as provided by applicable law or ordinance."

Plaintiff is not an "at will" employee. An "at will" employee is defined as "an employee whose employment may be terminated at an employer's discretion." *Darr v. Town of Telluride*, 495 F.3d 1243, 1252 (10th Cir. 2007); *McCrady v. Okla. Dept. of Pub. Safety*, 2005 OK 67, 122 P.3d 473; *City of Jenks v. Stone*, 2014 OK 11, 321 P. 3d 179; *Blanton v. Housing Authority of Norman*, 1990 OK 38, 794 P.2d 412. Applying that definition to the facts in the instant case, it is abundantly clear that Plaintiff as Chief of

the Defendant's Fire Department **is not** an "at will" employee because of Section 29-104 of Title 11 of the Oklahoma Statutes. However, Section 29-104 requires that "good and sufficient cause" be provided, the opposite of at will. *Lawton v. International Union of Police Ass'ns, Local 24*, 2000 OK CIV APP 2, 996 P.2d 954; *City of Durant v. Cicio (In re City of Durant)*, 2002 OK 52, 50 P.3d 218. *Hall v. O'Keefe*, 1980 OK 108, 617 P.2d 196; *Wilson v. City of Tulsa*, 2004 OK CIV APP 44, 91 P.3d 673.

Section 29-104 of Title 11 of the Oklahoma Statutes makes the Chief and members of municipal fire departments merit employees. In the *Loudermill* Decision, the Supreme Court of the United States held that

> "all process that is due is provided by a pre-termination opportunity to respond, coupled with post-termination administrative procedures as provided by…"

*See Cleveland Board of Education v. Loudermill*, supra.

An employee cannot be terminated in violation of public policy in Oklahoma. *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24. Employers that fail or refuse to abide by statutory requirements such as 11 O.S. § 29-104 are in violation of public policy. See *Stanolind Oil & Gas Co. v. Phillips*, 195 Okla. 377, 157 P.2d 751 (1945). Even if this Defendant gave reasons outlined for termination, it cannot escape liability claiming Plaintiff was "at will." It must not only provide "good and sufficient cause," it must allow this person like Plaintiff the opportunity to respond, and post-termination proceedings, including right to counsel, to call witnesses, etc. *Loudermill*, 470 U.S. 532 (1985); *Barnthouse v. City of Edmond*, 2003 OK 42, 73 P.3d 840; *Benavidez v. City of Albuquerque*, 101 F.3d 620 (10th Cir. 1996).

>As stated by the Court in *Barnthouse*, citing *Benavidez*,
>
>>"[w]hen the pre-termination process offers little or no opportunity for the employee to present his side of the case, the procedures in the post-termination hearing become much more important... and where the pre-termination hearing process has been minimal, the employee's fate may depend entirely upon the post-termination hearing."

*Barnthouse*, supra. Even if the pre-termination procedure that the City of Nowata alleges that it provided to Plaintiff is deemed to be sufficient by the Court, the City failed to afford Plaintiff any post-termination procedures to which he is entitled per the Court's rulings in *Barnthouse* and *Benavidez*. *Id*. The City afforded Plaintiff with no post-termination processes such as the ones set forth in *Benavidez*, including hearings at which Plaintiff could be represented by counsel, the opportunity to present evidence, and the opportunity to cross-examine witnesses. *Id*. at 627. The burden of proof is on the City to show that no material issues of fact remain that would defeat Plaintiff's claim. *Barnthouse* at ¶ 21. An objective standard is applied to determine whether a defendant violated "clearly established statutory or constitutional rights..." *Id*. The City of Nowata fails to meet this burden.

The Due Process Clause provides that certain substantive rights–life, liberty, and property–cannot be deprived except pursuant to constitutionally adequate procedures. If a party has a property right in continued employment, the State cannot deprive him or her of this property without due process. *Loudermill* at 541. An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case. This principle requires some kind of a hearing prior to the discharge of an employee who has a constitutionally protected property interest in his employment. *Id*. at 542.

The discharge of this Plaintiff was without a hearing from the Defendant's Manager, Council or other elected officials. Rather, Plaintiff's termination was an action taken *sua sponte* by the City Manager. There is no applicable law or ordinance allowing the Manager to terminate Plaintiff's employment, therefore, it is a clear violation of the Statute. 11 O.S. § 29-104. In order to terminate the employment of a Fire Chief in Oklahoma, a municipality must "have good and sufficient cause." *Id*.

The Defendant in this case did not allow Plaintiff a pre-termination opportunity to respond or post termination administrative procedures he is to be afforded as a property-interest-protected employee. *Barnthouse*, supra. In so doing, the Defendant violated Plaintiff's rights, making his termination wrongful. There are no facts disputing the Defendant's actions with respect to the Plaintiff's employment as Fire Chief for the Defendant. This Court must interpret Section 29-104 of Title 11 of the Oklahoma Statutes strictly. Applying the law to the facts in Plaintiff's case, it is clear Defendant's actions violated this statute and applicable case law. Therefore, Defendant is not entitled to summary judgment as a matter of law.

**PROPOSITION III: Plaintiff Was Wrongfully Terminated in Violation of 11 O.S. § 29-104.**

There are sufficient facts in dispute allowing the court to find that as a matter of law Defendant violated 11 O.S. § 29-104. Further, there are sufficient material facts showing the Defendant did not have the right under 11 O.S. § 29-204 to terminate Plaintiff and that it did not provide him due process.

In other words, Defendant cannot state that it terminated Plaintiff simply because it believed he was an at-will employee and could do so under the law. Defendant specifically chose to terminate Plaintiff but it must abide by the law like everybody else.

The authority to remove a municipal employee cannot always be exercised arbitrarily or capriciously. *Jones v. Bayless,* 1953 OK 92, ¶ 14, 255 P.2d 506 (1953). 11 O.S. § 29-104 of the Oklahoma Statutes requires that by refusing members of all paid municipal fire departments shall hold their respective positions unless removed for the good and sufficient cause as provided by applicable law or ordinance.

In the instant case, the Defendant cannot hide behind the at-will employment doctrine in this situation. Reasonable persons cannot disagree that Plaintiff was the fire chief of the department and entitled to protections afforded him under the law. It is clear from the undisputed facts, that Plaintiff's termination occurred without protections afforded him by this statute. Therefore, Plaintiff's termination is a violation of § 29-104 of Title 11 of the Oklahoma Statutes. There is not dispute that the discharge of Plaintiff was without a hearing from the Defendant's manager, city council or other elected officials. Rather, Plaintiff's termination was an action taken *sua sponte* by the newly installed city manager.

There is no applicable law or ordinance allowing the city manager to terminate Plaintiff's employment for her questionable reasons, therefore, it is a violation of the statute. In order to terminate the employment of a Fire Chief in Oklahoma a municipality must "have good and sufficient cause." *Id.* It cannot just be because the city manager puts that language into a termination letter. That does not mean Defendant had actual good and sufficient cause to terminate Plaintiff's employment. Even if this Defendant gave reasons outlined in its letter, it cannot escape by falsely claiming Plaintiff was "at-will." It must provide "good and sufficient cause," and it must allow this

person like Plaintiff an opportunity to respond. *Please see Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed.2d 494 (1985).

Section 29-104 of Title 11 of the Oklahoma Statutes makes the chief and members of the municipal fire department merit employees. In the *Loudermill* decision, the Supreme Court of the United States held that:

> All process that is due is provided by a pre-termination opportunity to respond, coupled with post-termination administrative procedures as provided by...

*Id*. at 538.

Pursuant to the standards set forth in *Loudermill,* the Defendant contends the information given Plaintiff why his employment might be terminated two and three years prior, as sufficient now even though Plaintiff was denied due process. In fact, there is information provided in Defendant's motion that the issues were addressed but between Plaintiff and the then acting City Manager Carrick and resolved. The Defendant in this case did not allow Plaintiff a pre-termination opportunity to respond or post-termination administrative procedures that he is afforded. In so doing, the Defendant violated Plaintiff's rights making his termination wrongful.

**PROPOSITION IV: The City Charter Does Not Repeal Nor Suspend 11 O.S. § 29-104.**

Defendant argues that 11 O.S. § 29-104 does not apply to this case, and they are entitled to summary judgment as a matter of law because the allege Nowata's City charter governs Plaintiff's employment relationship with the City. They allege that 11 O.S. § 13-109 provides:

> Whenever a charter is in conflict with any law relating to municipalities in force at the time fo the adoption and approval of the charter, the provisions of the charter shall prevail and shall operate as a repeal or suspension of the state law or laws to the extent of any conflict.

In defense of its actions, Defendant in this matter relies upon the City of Nowata's City Charter, which includes the following provision:

> "The powers and duties of the City Manager shall be:... to appoint and remove all Heads of Departments, and all subordinate officers and employees of the City."

See Exhibit 9 attached to Defendant's Motion. The Defendant further alleges that pursuant to the Defendant's Personnel Manual, all City employees are "at will" and can be fired "with or without cause and without notice". See Exhibit 11 attached to Defendant's Motion. These documents relied upon by Defendants do not supercede state statutes, Constitutional rights or Plaintiff's due process rights.

Municipal charters as granted or as amended cannot contravene constitutional provisions. *In re Supreme Court Adjudication of Initiative Petitions in Norman Numbered 74-1 and 74-2*, 534 P.2d 3 (Okla. 1975). Further, the Oklahoma Attorney General issued an Opinion stating that municipal charter provisions may not contravene state constitutional provisions. Op.Atty.Gen. No. 81-213 (Aug. 6, 1981).

Charter provisions do not supersede legislative enactments of general concern in which the state has sovereign interest. Where a charter provision conflicts with the general law of the state, the latter will control. *City of Sapulpa v. Land*, 101 Okl. 22, 223 P. 640, 646, 35 A.L.R. 872; *Walton v. Donnelly*, 83 Okl. 233, 201 P. 367; *Fossett v. State*, 34 Okla. Cr. 106, 245 P. 668; *Ex parte Shaw*, 53 Okl. 654, 157 P. 900.

This Court has previously been mindful that "the question as to what constitutes purely municipal matters or affairs [is] a question difficult of determination, as there does not appear to be any well-established rule by which it may be determined as to just what affairs or matters are purely municipal." *Tulsa Fire Fighters Ass'n, IAFF Local*

*176 v. City of Tulsa*, 834 F. Supp. 2d 1277, 1292 (N.D. Okla. 2011), citing *City of Sapulpa v. Land*, 1924 OK 92, 101 Okla. 22, 223 P. 640, 642 (Okla. 1924).

In *Cicio*, supra, the Oklahoma Supreme Court found that the statute at issue was not ambiguous and was clearly intended to protect policemen who are members of the state pension and retirement system from arbitrary discharge from employment. Just as in Title 11, Section 29-104, the statute addressed in *Cicio* restricts the reason for discharge "for cause" and ensures that all members will have a right to appeal the discharge. The Court in *Cicio* further finds that "**police and fire protection is unquestionably a matter of statewide interest**." *Id*. at ¶ 17. (Emphasis Added). In *Tulsa v. Public Employees Relations Board*, 1990 OK 114, 845 P.2d 872, the Oklahoma Supreme Court held that whether a chartered home rule city was obligated to bargain in good faith as required by the Fire and Police Protection Act regarding municipal employees' wage provisions contained in an expired collective bargaining agreement **was not a matter of purely municipal concern**. *Id*. (Emphasis Added). The Oklahoma Supreme Court rejected the city's position that it had the right to make and implement all decisions regarding its employees, and found that since a wider public interest was at stake in the issues of police and fire bargaining and as to the rights provided to employees, **the home rule doctrine was inapplicable**. *Id*. at ¶ 18. (Emphasis Added).

The Oklahoma Supreme Court stated in *Fraternal Order of Police, Lodge No. 165 v. City of Choctaw*, 1996 OK 78, 993 P.2d 261, 267, that:

> Since police and **fire protection is a matter of statewide concern**, the legislature has the power to enact laws... to insure the continuity of protection and resolution of disputes regarding the actual rendering of those services by officers and firefighters.

2020-08-07 1:56 pm
\\Ffh-vm-dc\company\Clients\OPEN\Vicki\@aashley clients\PARMENTER, Stephen 19-0034\rsp to motion for summary judgment MJ080720.wpd

Page 13

Id. at ¶ 19. (Emphasis Added).

In line with the previous decisions, *Bethany v. Public Employees Relations Board*, 1995 OK 99, 904 P.2d 604, 607, the Oklahoma Supreme Court rejected the city's assertion that pursuant to its charter, it would have the exclusive right to resolve disputes regarding discipline and discharge of employees. The Oklahoma Supreme Court further stated "that any such conflict between a charter and a state statute regarding arbitration of grievances would be governed by the state statute which took precedence over the city charter." *Id*.

Just as the courts above have all found, in the instant case, Defendant's city charter does not repeal nor suspend Plaintiff's rights pursuant to 11 O.S. § 29-104.

### IV:  CONCLUSION

Title 11 O.S. § 29-104 of the Oklahoma Statutes is very clear that a Plaintiff is afforded certain protections and that he should not have been terminated without due process.  It is clear from the facts set forth herein that Plaintiff was terminated without the rights afforded him by 29-104 of Title 11 of the Oklahoma Statutes and the United States Supreme Court decision in *Cleveland Board of Education v. Loudermill*, *supra*.

Plaintiff should have been provided due process before his employment ended with the Defendant.  The Defendant cannot come back and claim now it had reasons over two years ago; such arguments strain credibility.  Even if remotely true, relevant or timely, the Defendant failed to provide Plaintiff due process.

All of these events arise from the Defendant's careless disregard of the law and Plaintiff's rights under the law.  Instead of respecting Plaintiff's rights under the law, Defendant took the opportunity to terminate him when it had no discernable evidence

of a good and sufficient cause that was proximate to the date of his termination. It had been over two years before they had given him any type of warning about his employment. The evidence herein satisfies the *prima facie* case for Plaintiff's wrongful termination pursuant to § 29-104 of Title 11 of the Oklahoma Statutes. Because Plaintiff's termination was a violation of the Act, the Defendant is not entitled to summary adjudication. The court should deny the Defendant's motion and set the matter for trial to determine the nature and extent of Plaintiff's damages.

Respectfully submitted,

FRASIER, FRASIER & HICKMAN, LLP

By: ***/s/Frank W Frasier***
Frank W Frasier, OBA #17864
1700 Southwest Blvd.
Tulsa, OK 74107
Phone: (918) 584-4724
Fax: (918) 583-5637
E-mail: frasier@tulsa.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 7 August, 2020, a true, correct, and exact copy of the foregoing document was served *via* electronic notice by the CM/ECF filing system to all parties on their list of parties to be served in effect this date.

By: ***s/Frank W Frasier***
Frank W Frasier