IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN PARMENTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF NOWATA, OKLAHOMA, ) <br> ) <br> Defendant. ) | Case No. 19-CV-431-TCK-JFJ |

**OPINION AND ORDER**

Before the Court is the Motion for Summary Judgment filed by the defendant City of Nowata, Oklahoma ("City"). Doc. 23. Plaintiff Stephen Parmenter opposes the motion. Doc. 32.

**I. Introduction**

This lawsuit arises from the City's April 8, 2019 termination of Parmenter as the Nowata Fire Chief. Parmenter filed suit against the City on August 5, 2019, alleging violation of his rights under 42 U.S.C. 1983 and 11 O.S. §29-104 and seeking, *inter alia*, damages of $500,000 and reinstatement to his job position. Doc. 2

Parmenter contends that pursuant to 11 O.S. §29-104, he was entitled to due process. In its summary judgment motion, the City asserts that (1) Parmenter did not have a protected property interest in his position as Fire Chief, and therefore was not entitled to due process and that (2) even though he was not entitled to due process, he in fact received adequate due process.

**II. Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the burden of showing that no genuine issue of material fact

exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* However, the party opposing a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party opposing a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

A movant that "will not bear the burden of persuasion at trial need not negate the nonmovant's claim, "but may "simply . . . point[] out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal citations omitted). If the movant makes this prima facie showing, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)). "In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial. The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome convincing presentation by the moving party." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (internal citations omitted).

### III. Material Facts

Plaintiff is the former Fire Chief for the City of Nowata. Doc. 2, ¶4. Melanie Carrick

("Carrick") is the City Manager of Nowata. Ex. 1. The City of Nowata's City Charter provides that the City Manager has the power and duty "to appoint and remove all Heads of Departments, and all subordinate officers and employees of the City." Doc. 23, Ex. 9, City Charter Section Twenty-Six; Ex. 10, City Code Section 2-302.

The City of Nowata's Personnel Manual states that all City employees are "at will," and can be fired with or without notice. *Id.*, Ex. 11, Personnel Manual, §§1-1, 1-3, 2-5, 9-1, 9-2).

On August 31, 2017, Carrick gave Plaintiff an Employee Warning Notice for:

> Altering of employee time sheets, falsification of [his]own time sheet, Interfered with the City's relationship with the Harmon Foundation, providing false information to supervisor, hindering the accounting process by holding checks that need to be deposited and not turning them in for deposit in a timely manner, allowing multiple employees to take comp time that they had not accrued, issuance of comp time not in accordance with City personnel manual, fostering and allowing to continue an environment of low morale in department, creating feelings of fear and retribution or retaliation in employees in the department creating a harassing, hostile and threatening work environment for employees, non-compliance with hiring policy, holding volunteer pay until dues are paid, scheduling part-time workers more than part time hours.

*Id.*, Ex. 1. The same day, Carrick also instructed Plaintiff that he was to work at least one regular shift per week as a firefighter. *Id.*, Ex. 1; Ex. 2, Parmenter Dep. at 87:20-23. As of August 31, 2017, Plaintiff was aware that any further infractions could result in disciplinary action against him, including termination. *Id.*, Ex. 1; Ex. 2, Parmenter Dep. at 94:13-24.

Carrick continued to communicate with Plaintiff about the issues noted in the reprimand "throughout a year or a year and a half" before his termination. *Id.*, Ex. 2, Parmenter Dep. at 95:11-96:3. Beginning in March 2018, Carrick and Plaintiff had at least two discussions about Plaintiff's job, and even discussed changes to the job description to accommodate Plaintiff. *Id.*, Ex. 2, Parmenter Dep. at 97:2-101:24; Ex. 3, Fire Chief Job Description Annotated.

In May 2018, Plaintiff, Carrick and City Attorney John Heskett met for an hour-and-a-half or longer to discuss the fire chief job description and Plaintiff's duties. *Id.*, Ex. 2, Parmenter Dep. at 105:1-106:25l; Ex. 3, Fire Chief Job Description, Annotated.

At no time from August 2017 to the date he was terminated did Plaintiff fulfill his duty to work one fire shift a week. *Id.*, Ex. 2, Parmenter Dep. at 87:20-88:1; 116:18-22.

In March 2019, the issues about which Plaintiff had previously been counseled resurfaced. Exs. 4-5, 7, Carrick Memoranda of Reference; Ex. 6, McElhaney Statement. Specifically, EMS employees complained to Carrick that Plaintiff ignored their requests about scheduling accommodations and gave special privileges, including excessive overtime, to the single paramedic employed by the department. Ex. 4. Carrick also learned from employees that, in contravention of fire department policy, they were allowed to cover shifts for each other without documenting the hours on their time sheets, and were paid for those hours by the employee they covered for. *Id.* at 2; Exs. 5, 7.

On April 8, 2019, Carrick terminated Plaintiff's employment. *Id.*, Ex. 8, Termination Letter.

**IV. Analysis**

The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, §1. "The Due Process Clause of the Fourteenth Amendment ensures that one cannot be deprived of a property right absent due process of law." *Potts v. Davis County*, 551 F.3d 1188, 1192 (10th Cir. 2009). A plaintiff cannot allege a violation of either procedural or substantive due process if he does not first show that he had a protected property right. *Id.*

4

The Supreme Court has stated that property interests "are not created by the Constitution," but rather "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). The determination of whether a property interest exists is based on "whether the terms of employment created by contract, federal statute, city charter, or an employee manual create a sufficient expectancy of continued employment to constitute a property interest, which must be afforded constitutionally guaranteed due process." *Vinyard v. King*, 728 F.2d 428, 432 (10th Cir. 1984).

The Tenth Circuit has recognized that "if state statutes or regulations place substantive restrictions on a government actor's ability to make personnel decisions, then the employee has a property interest protected by the procedural due process clause. *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998). "To determine whether a plaintiff was denied procedural due process, [courts] engage in a two-step inquiry:  (1) Did the individual possess a protected interest to which due process protection is applicable? (2) Was the individual afforded an appropriate level of process?" *Id.*

### A. Whether Parmenter Possesses a Protected Interest

The Supreme Court has stated:

> The Fourteenth Amendment's procedural protection of property is a safeguard of the security interests that a person has already acquired in specific benefits. These interests—property interests—may take many forms.
>
> * * *
>
> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.
>
> * * *

> Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Parmenter contends that pursuant to 11 O.S. §29-104, he possessed a property interest in his position as Fire Chief. That statute provides:

> The chief and members of all paid municipal fire departments shall hold their respective positions unless removed for a good and sufficient cause as provided by applicable law or ordinance.

However, Oklahoma law further provides:

> Whenever a charter is in conflict with any law relating to municipalities in force at the time of the adoption and approval of the charter, the provisions of the charter shall prevail and shall operate as a repeal or suspension of the state law or laws to the extent of any conflict.

11 O.S. §13-109. Accordingly, because the Nowata's City Charter provides that all City employees are at will and may be fired with or without notice, its provision prevails over 11 O.S. §19-104.

Nor is the Court persuaded by Parmenter's claim that *In re City of Durant v. Cicio*, 50 P.3d 218 (Okla. 2002) is applicable to this case. In *Cicio*, the Oklahoma Supreme Court—in the context of analyzing Oklahoma's statutory police pension system—stated in *dicta* that police and fire protection were not matters of purely municipal concern, but were "unquestionably a matter of statewide interest" and therefore, under 11 O.S. §50-123—which prohibits discharge "except for cause"—the plaintiff, a fired police officer, was entitled to continued employment in the absence of a showing of cause. *Id.* at 223. Importantly, in *Cicio*, Durant—in contrast to Nowata—was not a chartered, home-rule city, but rather was organized and run pursuant to state statutes. *Id.* at 220.

Because Nowata's City Charter is controlling over 11 O.S. §29-104, the City Charter controls resolution of this employment dispute.

### B. Adequacy of Due Process

Moreover, even assuming 11 O.S. §19-104 applies to Parmenter's claim, the undisputed record establishes that he was fired for "good and sufficient cause." On August 31, 2017, he received a formal, documented reprimand listing numerous issues and also ordering him to work at least one regular shift per week as a firefighter. Accordingly, he was aware that any further infractions could lead to disciplinary action—including termination—against him. For well over a year after the written reprimand, Carrick continued to address items listed in the written reprimand. During that time, and in contravention of the reprimand, he failed to work a single fire shift. Moreover, after meeting with fire department employees, Carrick learned of other issues—including that department morale was abysmal due to favoritism of one employee over the others, and that employees were trading shifts without documenting the trades, and then directly compensating each other for covered shifts.

The undisputed record supports the City's position that Parmenter's termination was for "good and sufficient cause."

### V. Conclusion

For the foregoing reasons, the City of Nowata's Motion for Summary Judgment (Doc. 23) is hereby granted.

ENTERED this 4th day of November, 2020.

TERENCE C. KERN
United States District Judge